PHELPS v. PECOS VALLEY SOUTHERN RY. CO. (No. 525.)

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1916.)

ADVERSE POSSESSION ⟨⟩82—"COLOR OF TITLE"—UNRECORDED DEED—"VOID."

Under Rev. St. art. 6824, providing that unrecorded deeds shall be "void" as to subsequent purchasers without notice, but valid between the parties, an unrecorded deed is "color of title" against a good-faith subsequent purchaser within articles 5672, 5673, providing a three-year limitation in case of color of title, and defining it as a deed not regular, but not wanting in intrinsic fairness and honesty; the word "void" in the statute being used in the sense of voidable, and the nonrecording not amounting to a want of fairness, etc.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 468–471; Dec. Dig. ⟨⟩ 82.

For other definitions, see Words and Phrases, First and Second Series, Color of Title; Void.]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Trespass to try title by J. C. Phelps against the Pecos Valley Southern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

W. A. Hudson, of Pecos, and Short & Field, of Dallas, for appellant. J. W. Parker, Clay Cooke, and Ross & Hubbard, all of Pecos, for appellee.

·HIGGINS, J. This is an action of trespass to try title, brought by Phelps against the appellee. J. W. Parker is the common source of title. On January 4, 1909, he conveyed the premises in controversy to M. L. Swinehart. This deed was not recorded. By deed dated May 6, 1910, recorded February 14, 1911, Swinehart conveyed the same to appellee. Appellee went into possession on or about March 1, 1910, and remained in continuous, peaceable, and adverse possession until the filing of this suit on May 21, 1914. By deed dated November 10, 1909, recorded November 10, 1909, Parker, for a valuable consideration, conveyed the premises to the Jesse French Piano & Organ Company, who, in turn, conveyed same to Phelps by deed dated October 30, 1914, recorded November 4, 1914. This deed was executed in ratification of a prior ineffective deed of said company to Phelps, dated December 29, 1909, which was filed for record January 5, 1910. On November 10, 1909, and December 29, 1909, the Jesse · French Piano & Organ Company and Phelps had no notice, actual or constructive, of the deed from Parker to Swinehart, and the entry upon the land by the appellee on March 1, 1910, was the first notice Phelps had of its claim to the land. The only question presented is whether appellee acquired title under the three-year statute of limitation.

Article 6824, R. S., provides that all conveyances of land shall be void as to subsequent purchasers for a valuable consideration without notice unless they shall be acknowledged and filed for record as required by law; but the same, as between the parties and their heirs, and as to subsequent purchasers with notice thereof, or without valuable consideration, shall nevertheless be valid and binding. By article 5672 R. S., it is provided that every suit to recover real estate, as against one in peaceable and adverse possession thereof under title or color of title, must be brought within three years next after the cause of action shall have accrued. The point at issue between the parties resolves itself into this: Does an unrecorded deed constitute color of title within the meaning of articles 5672 and 5673, R. S.? If so, judgment was properly rendered for appellee.

Appellant calls to our attention the cases of Cox v. Bray, 28 Tex. 247, Wall v. Lubbock, 52 Tex. Civ. App. 405, 118 S. W. 886,

Watson v. Watson, 55 S. W. 183, and Lynn v. Burnett, 34 Tex. Civ. App. 335, 79 S. W. 64, where it was held that void deeds were insufficient to support the three-year statute; also to Latimer v. Logwood, 27 S. W. 960, where a like holding was made with respect to a void judgment. Upon the authority of these cases, it is insisted appellee could not acquire a prescriptive right under the statute because the unrecorded deed from Parker to Swinehart was void as to him; he having purchased the premises for value and without notice thereof. The cases cited are distinguishable. In each of them the instrument relied upon as the basis of the prescriptive right was void ab initio and a complete nullity. Such is not the case here. The deed from Parker to Swinehart was valid and binding between the parties, as well as to subsequent purchasers with notice or without a valuable consideration. The word "void" means that which has no force or effect. It is often used as in effect meaning voidable only; and it is seldom, except in a very clear case, to be regarded as implying a complete nullity, but, in a legal sense, is to be taken subject to a large qualification in view of all the circumstances calling for its application and the rights and interests to be affected in a given case. The term "void" can only accurately be applied to those contracts that have no effect whatever; which are mere nullities and incapable of confirmation or ratification. It is rarely that things are wholly void and without force and effect as to all persons and for all purposes and incapable of being made otherwise. Things are voidable which are valid and effectual until they are avoided by some act. The distinction between void and voidable transactions is a fundamental one, though it is often obscured by carelessness of language. As applied to contracts, the distinction between the terms is often one of great practical importance, and, whenever accurately used, the term "void" can only properly be applied to such contracts as are mere nullities and incapable of confirmation or ratification. These rules to which we have just adverted are well settled, and it is apparent that an unrecorded deed is not to be considered a void instrument as against a subsequent purchaser in the sense that it has no force or effect, or as a mere nullity, which is incapable of ratification or confirmation. Upon the contrary, it is plain that the term "void" in article 6824 is used in the sense of "voidable." It is undoubtedly true that a void deed is lacking in that intrinsic fairness and honesty demanded by article 5673 in order to constitute color of title. The cited cases are referable to this principle. It is equally true, however, that an instrument valid between the parties thereto is intrinsically fair and honest, although it may be voidable at the suit of a third party for proper cause. Hence the soundness of appellant's contention may be admitted—that a void deed is

so lacking in intrinsic fairness and honesty that it does not constitute color of title—but this is beside the question when we consider that the deed from Parker to Swinehart was not void, but voidable merely at the instance of the subsequent vendee of Parker, the Jesse French Piano & Organ Company, and its vendee, Phelps.

In order to determine whether appellee's unrecorded deed constitutes color of title, it is only necessary to inquire whether it is intrinsically fair and honest. The deed is clearly valid as between Parker and Swinehart, and therefore neither void in the correct sense of the term, nor lacking in intrinsic fairness and honesty. The fact that it was unrecorded is what constitutes it color of title. Had the instrument been duly recorded, appellee would have had title to the premises notwithstanding appellant's subsequently acquired and subsequently recorded deed. It is apparent that Swinehart's failure to record his deed did not operate to make it void as between him and his grantor, nor did such failure affect the fairness and honesty of the transaction between them. While he undoubtedly would be estopped to assert title as against one holding under a subsequently acquired deed for value without notice, this does not render his deed "void" in the technical sense of that term nor make it lacking in intrinsic fairness and honesty. Article 5673, R. S., not only defines "color of title," but aptly illustrates it as follows:

"And by 'color of title' is meant a consecutive chain of such transfer down to such person in possession, without being regular, as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty."

Chief Justice Stayton, speaking for our Supreme Court in Grigsby et al. v. May et al., 84 Tex. 240, 19 S. W. 343, and discussing the definition of "color of title" as given in article 5673, says:

"This definition doubtless was intended to give instances in which the chain of transfer would not be regular, within the meaning of the statute; but want of registration or of due registration in the chain giving color of title could have no operation in the matter of notice, and evidently was not intended to affect the right of a person holding under color of title; for, notwithstanding such irregularities may exist, the same protection is given as would be were the party holding under 'title.' "

Continuing, and still discussing the definition as illustrated by the words of the statute, Judge Stayton says:

"The other illustration is where one or more of the muniments of title 'be only in writing,' which evidently was intended to cover cases in which the evidence of right, though in writing, was not executed in the manner prescribed by law; and, under the statute, these are not defects which make the muniments wanting in 'intrinsic fairness and honesty.' The statute, however, in effect, does declare that like defects in regularity will cause the claim to be only 'color of title,' and does not deprive those of this effect unless they be wanting in intrinsic fairness and honesty."

In the same case, the court refers to the case of Pearson v. Burditt, 26 Tex. 173, 80 Am. Dec. 649, and quotes and adopts the explanation there given of the words "intrinsic fairness and honesty," embraced in the definition of "color of title" in the statute, in the following language:

"All the examples of irregularity given have relation to the muniment of right, and for this reason it was decided in Pearson v. Burditt that 'the term, "intrinsic fairness and honesty," embraced in the definition of color of title in our statute, relates to the means of proving the right of property in the land, so as to make the title equitably equal to a regular chain.' By 'equitably equal to a regular chain' we understand to have been meant simply that, if the muniments in the chain of transfer were in fact freely executed by the persons whose acts they appear to be, then they are sufficient if, upon their faces, they show such right to land as a court of equity would enforce as between the parties to the instrument; and that this is what was intended is evident from the facts of the case then under consideration by this court."

As between Parker and Swinehart, the deed of January 4, 1909, was in all respects regular and binding upon both, and as a result possessed the intrinsic fairness and honesty which is demanded by the statute of all the links in a regular chain of transfer from and under the sovereignty. This deed, therefore, although unrecorded, is not in any sense void, as contended for by appellant, and proof of its execution, together with proof of three years' peaceable and adverse possession, was a complete bar to plaintiff's action. As is indicated above, an examination of the adversely cited authorities will show that in every instance, the instrument attacked was void in the strictest sense as between the parties thereto, and therefore lacking in intrinsic fairness and honesty. It has never been held, so far as we are advised, that a deed which is valid and bindng between the parties is, because unrecorded, void in the strict sense of that term, or that it is so lacking in intrinsic fairness and honesty that it does not constitute color of title. Indeed, such a holding would be manifestly incongruous, in view of article 5673, which expressly defines color of title as a consecutive chain of transfer, down to the person in possession, without being regular, and instances such an irregularity as failure to register, or duly register, one or more of the muniments.

Affirmed.