STATE v. SCHOLZ BROS. (No. 7956.)

Court of Civil Appeals of Texas. San Antonio. March 7, 1928.

Rehearing Denied April 4, 1928.

1. Bonds ⬅➡19—Bond is as binding on principal though unsigned by sureties as if sureties had signed.

A bond is as binding on the principal though unsigned by sureties as if sureties had signed it.

2. Contracts ⬅➡93(5)—Where mistake of one party was not induced by acts of other, it will not serve as basis for rescission, or defense when sued.

Where mistake of one party to a contract, as a miscalculation or disappointment relating to facts connected with contract, was not induced by acts of the other party, it will not serve as a basis for rescission or as ground for defense when sued on contract.

3. Schools and school districts ⬅➡85—Where contractor fails to give statutory bond, such fact cannot be used by him as defense against breach of contract (Rev. St. 1925, art. 5160).

Under Rev. St. 1925, art. 5160, which requires parties entering into contract with state or its counties, districts, and other subdivisions for construction of public buildings to give the "usual penal bond," contractor's failure to give proper bond cannot be used by him as a defense against breach of contract.

4. Schools and school districts ⬅➡85—That contractors failed to obtain bond as required and, in bidding on work, made mistake in calculation, held not to justify their refusal to perform (Rev. St. 1925, art. 5160).

In suit by state against contractors for breach of building contract, fact that contractors failed to obtain and execute bond, as required by Rev. St. 1925, art. 5160, and fact that, in bidding on work, they made a mistake in calculation of sums to be expended on structure held not grounds sufficient to justify their refusal to perform contract.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Action by the State of Texas against Scholz Bros. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

E. H. Crenshaw, Jr., and Gus L. Kowalski, both of Kingsville, and Claude Pollard, of Austin, for the State.

Tarlton & Lowe, of Corpus Christi, for appellees.

FLY, C. J. This is an action by the state of Texas to recover damages from appellees, arising from the breach of a building contract. The court instructed the jury to return a verdict for appellees.

The testimony showed that appellant entered into a written contract with appellees, to erect, according to certain plans and specifications, a certain addition to the South Texas State Teachers College, at Kingsville. The contract was to be performed within 100 working days from the execution of the contract on August 25, 1926. The facts show the execution of the contract by appellees and an admitted breach of the same. Appellees sought to justify a failure to comply with the terms of the contract on the ground that it was not consummated because they failed to obtain and execute the bond they agreed to execute, and also that in bidding on the

work they made a mistake in the calculation of the sums to be expended on the building. They did not claim that the mistake was caused by any act of appellant, but simply by an error in addition on their part. They do not claim that they were prevented from giving the bond by any one, but merely that they failed and refused to deliver the bond after they had executed it and obtained a surety company as a surety on the bond. The whole defense offered was that appellees had destroyed a solemn contract entered into by them with the state of Texas by not performing its terms. A mistake in arithmetic made by a party bidding on a contract to erect a building, such mistake not having been induced by the other contracting party, but arising solely on account of the ignorance or negligence of the bidder, has never been recognized as an excuse for breach of a contract. Such fragile and unreasonable excuse can never be entertained to justify a breach of a contract.

[1] It would wreck the law of contracts and render all business transactions uncertain and unstable if a party could cancel a contract because he had not exercised reason and discretion in making the contract, no fault whatever being attributable to the other party. This was a voluntary contract upon the part of appellees, with a knowledge of all the facts surrounding the transaction. It was duly signed and executed by the parties, and appellees duly signed the bond which bound them to execute the contract. That bond was as binding on them as though signed by a dozen sureties, and no immunity can be claimed by them from performing the contract because they refused to allow sureties to sign the bond. They cannot plead their failure to perform their contract to release them from its obligations.

[2] The mistake pleaded by appellees was unilateral, and it is the well-established rule that a contract will not be rescinded on account of the mistake of one party to the contract, not induced by the acts of the other party. May v. San Antonio R. Co., 83 Tex. 502, 18 S. W. 959; Price v. Biggs (Tex. Civ. App.) 217 S. W. 236. There are no facts or circumstances connected with the mistake that would open the door to a court of equity to appellees. Where there is an error, miscalculation, or disappointment relating to the facts connected with a contract, upon the part of one party, such error, mistake, or miscalculation will not entitle the disappointed party to any relief either by way of canceling the contract and rescinding the transaction, or of defense to a suit brought for its enforcement. "In such classes of agreements and transactions, the parties are supposed to calculate the chances, and they certainly assume the risks, where there is no

element of bad faith, breach of confidence, misrepresentation, culpable concealment, or other like conduct amounting to actual or constructive fraud." Pomeroy's Eq. Jur. Fourth Ed. § 855. To hold that a party to a contract can cancel or breach the same because he finds that he will not make money by it, would render contracts a farce and destroy the fundamentals of business transactions.

[3, 4] Article 5160, which requires parties entering into contracts with the state, or its counties, districts, and other subdivisions thereof, for the construction of public buildings to give the "usual penal bond," cannot, when the contractor fails to give the bond, be used as a defense against breach of the contract. The requirements of that article are in the interest of the state, and not the delinquent contractor, who seeks to evade his contract by canceling the bond given by him. Appellees after making the contract could have been compelled to give the bond. The contract was binding without it. The defenses set up by appellees were without merit, and the court erred in instructing a verdict for appellees.

The judgment is reversed and the cause remanded.