

# The Attorney General of Texas

June 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-505

Re:  Bonds for Harris County
public works contracts, and
related questions

Dear Mr. Driscoll:

You have asked five questions concerning "the bid, performance and payment bond requirements for public works contracts" let by Harris County:  "Public works" are works constructed for public use, protection or enjoyment, ordinarily of a fixed nature.  See Overstreet v. Houston County, 365 S.W.2d 409 (Tex. Civ. App. - Houston 1963, writ ref'd n.r.e.); 47 Tex. Jur. 2d, Public Works and Contracts §1 at 458 (1963); 64 Am. Jur. 2d, Public Works and Contracts §1 at 842 (1972). A brief accompanying your request suggests an "apparent conflict" between articles 2368a.5, the recently enacted County Purchasing Act, and article 5160, V.T.C.S., last amended in 1977, the statute which has long governed contractors' performance and payment bonds for most public works.

The problem arises because article 5160, V.T.C.S., provides that prime contractors on public works contracts for more than $25,000 with the state, county, or another political unit

> shall be required before commencing such work to execute . . . statutory [performance and payment] bonds . . . but no governmental authority may require a bond if the contract does not exceed the sum of $25,000 (emphasis added),

whereas section 12 of the new County Purchasing Act reads:

> Sec. 12.  (a) If the contract is for the construction of public works or is under a contract exceeding $50,000, the bid specifications or request for proposals may require the bidder to furnish a good and sufficient bid bond in the amount of five percent of the total contract price and executed with a surety company authorized to do business in this state.

(b) Not later than the 10th day after the signing of a contract or issuance of a purchase order following the acceptance of a bid or proposal, the bidder or proposal offeror shall furnish a performance bond to the county, if required by the county, for the full amount of the contract if that contract exceeds $50,000.

(c) For those contracts that are for $50,000 or less, the county may provide in the bid notice or request for proposals that no money will be paid to the contractor until completion and acceptance of the work or the fulfillment of the purchase obligation to the county.

(d) A bidder or proposal offeror whose rates are subject to regulation by a state agency may not be required to furnish a performance bond or a bid bond under this section.  (Emphasis added).

The extent of the conflict is more apparent than real inasmuch as a close reading of the County Purchasing Act and the bill enacting it -- particularly when read in conjunction with other legislation passed during the regular session of the Sixty-ninth Legislature -- discloses that the County Purchasing Act was designed primarily to replace previous statutes governing county purchases, not public works, and was intended to have only a very limited effect in the "public works" sphere.  Cf. Attorney General Opinions JM-486, JM-449 (1986), JM-385 (1985) (article 2358a.5 bidding requirements).

The competitive bidding requirements of the County Purchasing Act are applicable only to "items" under a contract.  V.T.C.S., art. 2368a.5 §3(a).  An "item" is defined to mean "any service, equipment, good, or other tangible or intangible personal property."  V.T.C.S. art. 2368a.5 §2(3).  Under some circumstances, the performance of a construction contract can be considered a "service."  See Mathews Construction Company, Inc. v. Jasper Housing Construction Co., 528 S.W.2d 323, 327 (Tex. Civ. App. - Beaumont 1975, writ ref'd n.r.e.). Cf. Woods v. Littleton, 554 S.W.2d 662, 666 (Tex. 1977).  But in ordinary usage the term is not applied to public works construction contracts.  Moreover, another statute amended in 1985, article 2368a.3, V.T.C.S., expressly governs competitive bidding on public works contracts.  We do not think the word "item," as used in the County Purchasing Act, was meant to include public works generally.

The statutory definition of "item" quoted above has appended to it the following sentence:  "The term includes insurance and high technology items."  V.T.C.S. art. 2368a.5, §2(3).  The term "high technology item" is separately defined as

> a service, equipment, or good of a highly technical
> nature, including: data processing equipment and
> software and firmware used in conjunction with data
> processing equipment; telecommunications, radio,
> and microwave systems; electronic distributed
> control systems (including building energy manage-
> ment systems); and technical services related to
> these items. (Emphasis added.)

Id. §2(4). That the legislature felt it necessary to include such
work specifically in the definition of "item" is an indication that,
absent the elaboration, some of it would ordinarily be excluded. That
some such work might be considered "public work" under other statutes
is clear. See Overstreet v. Houston County, supra, at 365 S.W.2d, at
409 (air conditioning of courthouse).

The only express reference in the County Purchasing Act to
contracts for public works is found in section 12(a) thereof, which
provides that the county may require a 5 percent "bid bond" of bidders
if the contract "is for the construction of public works or is under
[sic] a contract exceeding $50,000." In Lopez v. Ramirez, 558 S.W.2d
954 (Tex. Civ. App. - San Antonio, 1977, no writ), the court termed it
improper in construing another contracting statute, the Certificate of
Obligation Act, to treat isolated words in the statute as making it
applicable to contracts other than those the statute was intended to
reach. The court read the disputed words in the context of the entire
act.

When we read the County Purchasing Act section 12 "public works"
language in the context of the full act, we conclude that the passage
refers only to "high technology" installations which in some aspects
would be considered "public works" under other statutes.

This conclusion is bolstered by the extraordinary rearrangement
and integration in 1985 of statutes dealing with similar matters. The
enactment of the County Purchasing Act was clearly tied to other
changes in the law. Both the Bond and Warrant Law of 1931 (article
2368a, V.T.C.S.) and the Certificate of Obligation Act (article
2368a.1, V.T.C.S.), an act pertaining only to public works, see Lopez
v. Ramirez, supra, were amended by the same session of the legislature
that passed the County Purchasing Act. The bill which extensively
revised the Bond and Warrant Law, among other things, to delete
counties from its coverage, Acts 1985, 69th Leg., ch. 505, at 4201,
provided that a portion of it tentatively restoring coverage of
counties was to become effective only if the bill enacting the County
Purchasing Act, Acts 1985, 69th Leg., R. S., ch. 641 at 4897, did not
become law. The County Purchasing Act bill also amended other
statutes, including the County Road and Bridge Act (article 6702-1,
V.T.C.S.), articles 2351a, 2351a-1, 2351a-2, and 2367a, V.T.C.S. In

addition, it repealed articles 1658, 1659, 1659a, 1659b, 2358, 2359, 2360, 2361, 2362, 2363, 2364, 2365, 2366, 2367, and portions of articles 6702-1 and 6812b, V.T.C.S., all concerned with county procurement, bidding, and bonds. But it did not expressly repeal (or even mention) article 5160.

The Bond and Warrant Law from which counties were excluded by 1985 amendments now provides that if a <u>city</u> contract is for public works, the successful bidder will be required to execute a performance bond "in accordance with  . . . Article 5160," but continues:

> However, the city in making any contract calling for or requiring the expenditure or payment of less than $100,000 may, <u>in lieu of the bond requirement</u>, provide in the contract that no money will be paid to the contractor until completion and acceptance of the work by the city.  (Emphasis added).

V.T.C.S. art. 2368a, §2(b). Significantly, the similar County Purchasing Act subsection 12(c) "no money" provision neither refers to article 5160 nor indicates that the option of withholding the entire contract price from the contractor is "in lieu of the bond require-ment[s]."

We do not believe the reference in the Bond and Warrant Law, as amended in 1985, to article 5160 performance and payment bond require-ments for public works, and the omission of any reference thereto in the 1985 County Purchasing Act, was accidental. The bill amending the Bond and Warrant Law and the one enacting the County Purchasing Act were each passed in express contemplation of the other. In our opinion the legislature intended to leave County Purchasing Act contracts outside the ambit of article 5160.

The statute latest in time -- in this case, the County Purchasing Act -- ordinarily controls in case of conflict, <u>see</u> Gov't. Code §311.025(a), but it is the duty of the courts to harmonize the provisions of statutes in <u>pari materia</u>, if reasonably possible, and implied repeals are not favored. A construction that allows both statutes to stand is to be preferred. <u>See</u> 53 Tex. Jur. 2d, <u>Statutes</u> §100, at 146 (1964). An irreconcilable conflict between a special and a general provision is resolved by treating the special provision as an exception to the general provision unless the manifest intent is otherwise. Gov't. Code §311.026.

Under an interpretation that views the new County Purchasing Act as one designed primarily to replace previous statutes governing county <u>purchases</u>, not construction contracts for public works, the statute does not conflict with article 5160, which is applicable only to public works, except in the specialized area of "high technology."

This construction explains why the new statute does not mention payment bonds or article 5160.  (The usual "public works" relationship of prime contractors and subcontractors on construction jobs is not typical of high technology contractors.)  And it makes understandable the subsection 12(d) provision that forbids requiring performance or bid bonds of contractors whose rates are subject to state regulation (e.g., public utilities).  It also leaves intact an integrated system designed to protect workmen and suppliers on ordinary public works jobs -- a system which the legislature has shown no intention to scrap generally.  See V.T.C.S. art. 2368a.5, §3(b) [making article 2368a.1 control certain county contracts, which statute, in turn, requires bonds on public works in accordance with article 5160, per sections 3(a) and 6(d) thereof].

We conclude that the County Purchasing Act does not embrace "public works" contracts except insofar as "high technology" items can be considered public works.  With the foregoing in mind, we turn to your specific questions.

> 1.  May Harris County require performance bonds on all public works contracts?

We answer your first question in the negative.  Requirements for performance bonds in connection with public works contracts are ordinarily governed by article 5160, V.T.C.S., which forbids counties from requiring such bonds on contracts of $25,000 or less.

> 2.  May Harris County require payment bonds on all public works contracts?

No.  Requirements for payment bonds in connection with public works contracts are ordinarily governed by article 5160, V.T.C.S., which forbids counties from requiring such bonds on contracts of $25,000 or less.

> 3.  May Harris County require a five percent bid bond and/or bid check, either certified or bank cashier's check, on all public works projects?

Bid bonds and "bid checks" are both species of forfeitable "bid security" designed to assure that the bid is a serious one.  Cf. United States v. Conti, 119 F.2d 652 (1st Cir. 1941).  The article 5160 provisions for statutory performance and payment bonds have never been thought to preclude companion common law agreements not expressly forbidden or in conflict with the statute.  Mosher Manufacturing Co. v. Equitable Surety Co., 229 S.W. 318, 319 (Tex. Comm. App., 1921) held that independent of a statute, a county with the power to contract for the construction of public buildings had implied

authority to bind contractors to pay the claims of material men and laborers -- upon the theory that such agreements, although for the primary benefit of particular persons, protect the public interest. See also Attorney General Opinion H-813 (1976).

We believe counties also have implied authority to require bid security on public works contracts in the form of bid bonds, cashier's checks or certified checks, if they choose, unless the practice is specifically prohibited, as in subsection 12(d) of article 2368a.5. Such requirements protect the county and the public interest. See J. Canterbury, Texas Construction Law Manual §3.13 (1981).

> 4. May partial payments be withheld in con-
> nection with public works contracts of $50,000 or
> less?

Article 5160 does not require the county to pay the full contract price prior to the accomplishment of the work. Building and construction contracts frequently provide for payment of the contract price in installments during the progress of the work, either in fixed amounts or in amounts based on estimates of an architect or engineer as to the quantity and value of the material furnished and work performed. See 10 Tex. Jur. 3d, Building Contracts §31, at 258 (1980).

That Texas statutes contemplate partial payments on public works contracts is shown by section 53.235 of the Property Code, which prohibits a public official from paying the money due the prime contractor upon receiving notice of an unpaid claim from one who furnished labor or material to the contractor on a public works job of $25,000 or less. If the law required the full contract price to be paid before the work was done, there would be no money remaining due the contractor to be withheld for the benefit of laborers and materialmen.

We advise, in answer to your fourth question, that Harris County is not statutorily prohibited from contracting to withhold partial payments in connection with public works contracts. Cf. Trinity Universal Insurance Company v. McLaughlin, 373 S.W.2d 66, 374 S.W.2d 350 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.) (contractual agreement based on statute abrogated by consent).

> 5. May the county's bid specifications for
> public works contracts for $50,000 or less give
> the bidder the option of posting a performance
> bond or receiving payment after completion and
> acceptance of the project?

We have concluded that section 12 of the County Purchasing Act is ordinarily not applicable to public works contracts. Therefore, the

section 12(c) provision allowing all money to be withheld until the completion of contracts for $50,000 or less does not control; article 5160 is the pertinent statute.

If article 5160 were given mandatory effect, the county could not give contractors an "option" to forego posting a performance bond in connection with public works contracts exceeding $25,000 inasmuch as article 5160 requires the posting of such a bond for such contracts. However, although the article 5160 bond requirement is couched in mandatory language, the courts have not given it mandatory effect where counties have chosen to waive the requirement.

The most recent court decision to discuss the matter, Greenville Independent School District v. B & J Excavating, Inc., 694 S.W.2d 410, 411 (Tex. App. - Dallas 1985, writ ref'd n.r.e.), held that a governmental body has no duty under article 5160 to require bonds from prime contractors, either for its own protection or the protection of subcontractors, laborers or materialmen. Its only duty, according to the court, is to approve bonds as to form if they are tendered.

In two earlier cases where a school district and a city each elected to forego requiring bonds of its prime contractor and stepped into the shoes of the contractor after he defaulted, the public bodies were held liable to subcontractors, materialmen and laborers, but the failure to require bonds did not render the original contracts void. Prairie Valley Independent School District v. Sawyer, 665 S.W.2d 606 (Tex. App. - Fort Worth 1984, writ ref'd n.r.e.); City of Ingleside v. Stewart, 554 S.W.2d 939 (Tex. Civ. App. - Corpus Christi 1977, writ ref'd n.r.e.). See also Overstreet v. Houston County, supra.

Nevertheless, we do not believe counties may allow contractors to post non-statutory performance bonds for public works contracts of $25,000 or less in lieu of awaiting the completion of the work before receiving any money. Since the county may not require such a bond in such an amount because article 5160 prohibits the practice, we do not believe the direct prohibition can be circumvented by coercing a "voluntary" bond from contractors faced otherwise with non-payment of any portion of the contract price until completion and acceptance of the work. We believe such an "option" would conflict with the purpose and intent of the article 5160 prohibition.

In recapitulation, we advise that Harris County may not require performance or payment bonds on public works contracts of $25,000 or less, except for "high technology" items, but may require bid security on all public works contracts except where the practice is specifically prohibited by statute. The county is not statutorily prohibited from contracting to withhold partial payments in connection with contracts for public works, but it may not give bidders an option to furnish performance bonds "voluntarily" on contracts of $25,000 or

less in lieu of awaiting the completion and acceptance of the work before receiving any part of the contract price.

### S U M M A R Y

Harris County may not require performance or payment bonds on public works contracts of $25,000 or less, but may require bid security on most public works.  The county is not statutorily prohibited from contracting to withhold partial payments in connection with contracts for public works, but it may not give bidders an option to "voluntarily" furnish performance bonds on contracts of $25,000 or less in lieu of awaiting the completion and acceptance of the work before receiving any part of the contract price.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General