

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 21, 2004

The Honorable Rob Baiamonte
Goliad County Attorney
Post Office Box 24
Goliad, Texas 77963

Opinion No. GA-0261

Re: Whether Texas Code of Criminal Procedure article 43.10 authorizes a county to use county inmate labor at events that are a joint venture between the county and a nonprofit organization (RQ-0217-GA)

Dear Mr. Baiamonte:

You ask whether Texas Code of Criminal Procedure article 43.10 authorizes a county to use county inmate labor at events that are a joint venture between the county and a nonprofit organization.[1]

Article 43.10 of the Code of Criminal Procedure (the "Code") outlines a system by which certain convicted persons in a county, who are either confined to a county jail or unable to pay an assessed fine, "shall be required to work in the county jail industries program or shall be required to do manual labor." *See* TEX. CODE CRIM. PROC. ANN. art. 43.10 (Vernon Supp. 2004-05). Further, the Code provides that "[t]hey shall be put to labor upon public works and maintenance projects, including public works and maintenance projects for a political subdivision located in whole or in part in the county." *Id.* art. 43.10(4).

By way of background, you note that Goliad County inmates have been used to help set up tables and chairs, stages and lighting and provide clean-up services for nonprofit organizations that hold fundraisers on Goliad County property. *See* Request Letter, *supra* note 1, at 1. You cite as an example the 4-H county fair for which county inmate labor has been used to set up and tear down fair facilities. *See id.* You also note that the county has several nonprofit organizations that hold fundraisers throughout the year, some of which are to award scholarships to Goliad County youth. *See id.* The Goliad County Commissioners Court wants to enter into agreements with these various nonprofit agencies for future fundraisers and use county inmate labor to help with the events. *See id.* Thus, you ask "if the county enters into a joint venture with a nonprofit, is that sufficient enough to allow county inmate labor to be used for setting up and tearing down the event under . . . article 43.10(4)"? *Id.* at 2.

---

[1]*See* Letter from Honorable Rob Baiamonte, Goliad County Attorney, to Honorable Greg Abbott, Texas Attorney General (Apr. 29, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

You contend that the county's participation in a joint venture with a nonprofit agency qualifies any subsequent events governed by these joint ventures as "public works" of the county and therefore the county under article 43.10(4) is expressly authorized to use county inmate labor under these circumstances.[2] Although this office has stated that "county prisoner labor may be only used on county projects," Tex. Att'y Gen. Op. No. H-1038 (1977) at 1, you conclude that these fundraisers would not be a private operation and so such limitations would not apply, *see* Baiamonte Brief, *supra* note 2.

The term "public works" is a term of art that is synonymous with "public improvements." *See, .e.g., Overstreet v. Houston County,* 365 S.W.2d 409 (Tex. Civ. App.–Houston 1962, writ ref'd n.r.e.) (holding that an air conditioning system and window units installed in a county courthouse were public works, "or improvements of a fixed nature"); Tex. Att'y Gen. Op. No. O-677 (1939) at 4. Furthermore, in Attorney General Opinion O-677, this office found that the use of inmates on janitorial and maintenance work at a county courthouse and jail did not constitute labor on public works. *See* Tex. Att'y Gen. Op. No. O-677 (1939) at 4 (construing 1925 Code of Criminal Procedure, article 794(5), the precursor to article 43.10(4)) ("We do not believe that such casual labors . . . come within the purview of the statutes as labor 'upon any public works of the county.'"). Your use of "public works" to mean any county project does not comport with article 43.10(4)'s use of the term. Consequently, we conclude that there is no basis to sustain the commissioners court's proposal on the theory that these joint ventures are public works.

In addition to authorizing county inmate labor on public works, article 43.10(4) now authorizes county inmate labor on public maintenance projects. *See* TEX. CODE CRIM. PROC. ANN. art. 43.10(4) (Vernon Supp. 2004-05). Again the Code fails to define the term "maintenance" and so we must construe it according to the rules of grammar and common usage, unless it has acquired a technical meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (a)-(b) (Vernon 1998). We look first to Texas judicial decisions that define the term. A Texas appellate court has defined "maintain," in the context of defining "maintenance," as "to hold or keep in any particular state of efficiency or validity; to support, sustain, or uphold; to keep up; not to suffer to fail or decline." *Stanford v. State Dep't of Highways and Pub. Transp.,* 635 S.W.2d 581, 582 (Tex. App.–Dallas 1982, writ ref'd n.r.e.) (citations omitted) (holding that a construction of guardrails on an existing overpass amounted to a change in that overpass's design, which was "not maintaining the overpass"). A recent attorney general opinion adopted a substantively similar definition with respect to a county's authority to use county employees to open and close graves in private cemeteries. *See* Tex. Att'y Gen. Op. No. JC-0329 (2001) at 2 (citing the Oxford English Dictionary) (concluding that a county's authority under the Health and Safety Code "to maintain" a private cemetery did not authorize the county to use its employees and equipment to open and close graves).

You say that Goliad County would enter into contracts with nonprofit agencies to use county inmates "for setting up and tearing down events." Baiamonte Brief, *supra* note 2. These activities do not fall within the definition of "maintenance," because they are not activities that would hold or

---

[2]*See* Brief from Honorable Rob Baiamonte, Goliad County Attorney (Apr. 29, 2004) [hereinafter Baiamonte Brief].

keep county property in any particular state of efficiency. Furthermore, activities that do fall within the definition of maintenance are not public unless they are conducted on county property for the public's benefit.[3] Thus, we conclude that article 43.10(4) does not authorize a county to use inmate labor on fundraisers that are a joint venture between a county and nonprofit agency. We do not address the county's authority to enter into joint ventures with private entities in general.

---

[3]For example, a county would be permitted to use county inmate labor to clean up county property after an event because such activity would be maintenance work conducted for the public benefit.

## S U M M A R Y

Texas Code of Criminal Procedure article 43.10(4) does not authorize a county to use county inmate labor at events that are a joint venture between the county and a nonprofit organization.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee