Leonel R. LOPEZ, Appellant,

v.

Mario E. RAMIREZ, Starr County Judge, et al., Appellees.

No. 15962.

Court of Civil Appeals of Texas, San Antonio.

Nov. 23, 1977.

---

Roger H. Reed, Rio Grande City, for appellant.

Charles L. Franz, Jr., San Antonio, for intervenor.

John L. Hill, Atty. Gen., David M. Kendall, Asst. Atty. Gen., Austin, filed briefs amicus curiae.

F. R. Nye, Jr., Alex W. Gabert, Glenn H. Ramey, Rio Grande City, for appellees.

MURRAY, Justice.

This is a taxpayer's suit to enjoin the Starr County Commissioners Court from issuing $1,500,000.00 in certificates of obligation under the authority of Art. 2368a.1, Tex.Rev.Civ.Stat.Ann. (Supp.1977), which the legislature named the Certificate of Obligation Act of 1971. Suit was initiated by Leonel R. Lopez, appellant, by filing his original petition in the 229th District Court in Starr County, Texas. Cesar Leal, appellant, intervened in said suit for himself, as an ad valorem taxpayer of Starr County, and for a class of persons pursuant to Rules 42 and 60, Tex.R.Civ.P., and makes virtually the same allegations as appellant, Lopez, except that in addition to an injunction, he prays for damages.

Following a trial before the court on July 12, 1977, the court entered judgment denying the injunction as prayed for by appellants and ordered that appellants take nothing by their suit. Appellants' position is that the certificates of obligation may never be used to pay regular salaried county employees, and in the alternative such authorization extends only to regular salaried employees engaged in the construction of a public works project. It is undisputed that the main purpose for which these certificates of obligation are intended is to pay regular salaried Starr County employees not engaged in public works projects. Before this suit was filed, Starr County had in fact paid more than $39,000.00 with such certificates to regularly salaried Starr County employees not engaged in public works and Starr County intends to use said obligations in the future for said purpose.

The pertinent parts of Art. 2368a.1, Tex. Rev.Civ.Stat.Ann., hereinafter called the Act of 1971, are as follows:

Sec. 3. (a) The governing body of an issuer may authorize certificates for the purpose of paying any contractual obliga-

tion to be incurred for the construction of any public work or for the purchase of materials, supplies, equipment, machinery, the purchase of land and rights-of-way for authorized needs and purposes, or for the payment of contractual obligations for professional services (including tax appraisal engineers, engineering, architectural, attorneys, mapping, auditing, financial advisors, fiscal agent) or for any one or more of such purposes.

\* \* \* \* \* \*

Sec. 6. (a) Except as provided herein, the governing body of an issuer shall hereafter make no contract calling for or requiring the expenditure or payment or creating or imposing an obligation or liability of any nature upon such city, county, or subdivision of the county in excess of $2,000 without first submitting such proposed contract to competitive bids.

Sec. 7. The provisions of Section 6 of this Act relating to advertisement for competitive bids shall not apply in the following instances:

(1) in case of a public calamity where it becomes necessary to act at once to relieve the necessity of the citizens or to preserve the property of such city or county; or

\* \* \* \* \* \*

(3) in the case of unforeseen damage to public property, machinery or equipment; or

(4) contracts for personal or professional services; or

(5) work done by employees of the issuer and paid for as such work progresses; or

(6) the purchase of land, buildings, existing utility systems or rights-of-way for authorized needs and purposes; . . .

Appellant's position before this court is that only Sec. 3(a) of the Act of 1971 states the purposes for which certificates of obligation may be issued. It is the position of the appellees before this Court that in addi-

tion to Sec. 3(a), Sec. 7(5) states additional purposes for which certificates of obligation may be issued. We have been unable to locate any appellate decision construing this Act and must therefore conclude that this is a case of first impression.

The issue before this Court is one of statutory construction. The purpose in construing any statute is to ascertain from the language used in the statute the intention of the legislature, and a statute must be given the interpretation which most nearly accomplishes the legislature's intention from the words of the statute, looking to all of its terms. *Barber v. Giles*, 146 Tex. 401, 208 S.W.2d 553 (1948); *White v. McGill*, 131 Tex. 231, 114 S.W.2d 860 (1938). A statute should be given a fair and sensible construction in order to carry out the purpose for which it was enacted and should not be construed in such a manner as to nullify or defeat its purpose. And if a statute being construed is plain and unambiguous, there is no need to resort to rules of construction, and it would be inappropriate to do so. *Ex parte Roloff*, 510 S.W.2d 913 (Tex.1974); *Brazos River Conservation and Reclamation Dist. v. Costello*, 135 Tex. 307, 143 S.W.2d 577 (1940); Annot., 130 A.L.R. 1220 (1941).

We hold that under the Act of 1971 certificates of obligation may not be used to pay regular salaried county employees unless such employees are engaged in the construction or repair of a public works project. In construing a law of doubtful meaning or application we look to rules of statutory construction in order to determine the legislative intent, but where the language of the statute is unambiguous, we look to the statute itself. Secs. 6 and 7 of the Act deal with the procedure to be followed if the Commissioners Court would issue the certificates of obligation, but the Commissioners Court has complete instructions in Sec. 3(a) as to the purposes for which said certificates may be issued. Statutes respecting the power of local govern-

ments to create a debt must be strictly and narrowly construed. *Robertson v. Breedlove*, 61 Tex. 316, 4 S.W. 209 (1884). A more recent statement of this same principle is found in the decision of the Supreme Court of Texas in *San Antonio Union Junior College Dist. v. Daniel*, 146 Tex. 241, 206 S.W.2d 995 (1947), at page 999:

[I]t was said in *Lasater v. Lopez*, 110 Tex. 179, 217 S.W. 373, 376, that, 'without special authority,' a commissioners' court 'is without the power to issue negotiable securities, depriving the county of true defenses against the original creditor. It is not a power to be implied. It does not exist unless expressly conferred by law. Such is the established doctrine in this State, and has been from an early time.' Again, it was stated in *Keel v. Pulte*, Tex.Com.App., 10 S.W.2d 694, 697, 'The power to issue negotiable paper for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or a county unless it be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant. *Foster v. City of Waco*, 113 Tex. 352, 354, 255 S.W. 1104.'

We assume that if the legislature, in passing the Act of 1971, intended that the county could issue the certificates of obligation for any purpose, it would have said so, and by expressing its intention in Sec. 3(a) it intended to limit the purposes for which certificates of obligation could be issued.

If an emergency clause sheds light on the inquiry as to the legislative intent, it is properly considered. *Grayburg Oil Co. v. Giles*, 143 Tex. 497, 186 S.W.2d 680 (1945). The emergency clause of the Certificate of Obligation Act of 1971 reads in pertinent part as follows:

The fact this Act provides alternate procedures for financing by issuers which

are needed for the orderly financing of capital improvements constitute . . . an emergency . . . Texas Laws 1971, Chap. 923, Sec. 12 at 2828.

We hold that Sec. 3(a) of the Act of 1971 states the purposes for which certificates of obligation may be issued and that Sec. 7 is purely a procedural section. Therefore, certificates of obligation may not be used to pay regular salaried county employees, unless such employees are engaged in the construction or repair of a public works project. It would be improper in construing the Act of 1971 to take a few words out of context, such as Sec. 7(5), and with them thus isolated, attempt to determine their meaning. With Sec. 7(5) read in context with the entire Act, it is evident that the legislature intended that the Certificate of Obligation Act of 1971 pertains only to public works and to hold otherwise would virtually destroy the meaning of the entire context.

■ Appellant Leal has assigned as error the action of the trial court in denying all damages to Starr County for money actually expended. Appellant Leal, in his brief, cites one case, *Terrell v. Middleton*, 187 S.W. 367 (Tex.Civ.App.—San Antonio 1916), *writ ref'd n.r.e. per curiam*, 108 Tex. 14, 191 S.W. 1138 (1917), for the proposition that a citizen and taxpayer may institute and maintain an action to restrain state officers from illegal spending of tax funds. While it is true that a citizen and taxpayer may bring a suit for injunction it is equally clear that a taxpayer may not maintain an action for damages against a public officer unless the plaintiff shows damages different from those suffered by the public at large. *Sherman v. Cage*, 279 S.W. 508 (Tex. Civ.App.—Galveston 1925). Appellant Leal, not alleging damage to himself other than the damage common to all citizens and taxpayers of Starr County, has no right to bring this suit for damages.

From our conclusion upon the material questions presented by the record, it follows that the judgment of the trial court denying the injunction will be reversed and judgment here rendered restraining the Commissioners Court of Starr County from issuing certificates of obligation to pay regular salaried county employees unless such employees are engaged in the construction or repair of a public works project.