

# The Attorney General of Texas

November 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas    78711

Opinion No. MW-398

Re:    Whether article 5115.1,
V.T.C.S., authorizes the Texas
Commission on Jail Standards
to require a county to accept
prisoners from a county jail
which fails to comply with
minimum jail standards

Dear Mr. Viterna:

You ask whether the Texas Commission on Jail Standards has the authority to require that a county accept prisoners from a county which has been found in noncompliance with minimum jail standards and against which an order has been issued by the commission prohibiting confinement of prisoners in that county's detention facilities.

It is clear from the legislative history of article 5115.1, V.T.C.S., that the Texas Legislature created the Texas Commission on Jail Standards in 1975 for the purpose of improving conditions in county jails by formulating and enforcing minimum standards for jail construction, maintenance and operation and for the care, custody and treatment of prisoners. See Texas Legislative Council, Statutory Standards and Present Conditions in Texas Jails, Report No. 62-2 (1973).

To effectuate this purpose, the commission was granted certain remedial powers in section 11 of article 5115.1, V.T.C.S., as follows:

> (d)    If the commissioners or sheriff does not comply within the time granted by the commission, the commission may, by order, prohibit the confinement of prisoners in the noncomplying jail and designate another detention facility for their confinement. If a prohibition and transfer order is issued, the sheriff of the county in which the noncomplying jail is situated shall immediately transfer all prisoners to the detention facility specified by the commission.

Section 11(e) of article 5115.1, V.T.C.S., requires that the county responsible for the nonconforming jail shall bear the cost of transportation and maintenance of prisoners transferred by order of the commission.

A statute should be given a fair and sensible construction in order to carry out the purpose for which it was enacted and should not be construed in such a manner as to nullify or defeat its purpose. Citizens Bank of Bryan v. First State Bank, 580 S.W.2d 344, 348 (Tex. 1979); Salas v. State, 592 S.W.2d 653, 655 (Tex. Civ. App. – Austin 1979, no writ); Lopez v. Ramirez, 558 S.W.2d 954, 957 (Tex. Civ. App. – San Antonio 1977, no writ).

The commission has express authority to close a noncomplying facility and provide for the detention of that county's prisoners elsewhere. In order to effectuate this authority and to achieve the statutory purpose of improving county jail conditions it is necessary that the designated facility accept these prisoners. Although "detention facility" is not defined in the statute, a "fair and sensible construction" would permit the commission to place prisoners from noncomplying facilities in another county jail which the commission knows to comply with its standards.

Article 5116, V.T.C.S., requires the sheriff to keep in the county jail all prisoners committed thereto by lawful authority, subject to the order of the proper court. His responsibility for the county jail is statutory. Tex. Const. art. V, §23; de la Garza v. State, 579 S.W.2d 220 (Tex. Crim. App. 1979). The legislature may provide by statute that the sheriff receive prisoners from other jurisdictions. See V.T.C.S. arts. 5117, 5118. See also V.T.C.S. art. 4413(32c) §§1,4; Attorney General Opinion MW-52 (1979). Thus, pursuant to the authority granted it in section 11(d) of article 5115.1, V.T.C.S., the commission may require a county sheriff to accept prisoners removed from a county jail which fails to meet minimum standards.

### S U M M A R Y

The Texas Commission on Jail Standards can require a county to accept prisoners who have been removed from a county jail which fails to meet minimum jail standards. The county responsible for the nonconforming jail shall bear the cost of transportation and maintenance of prisoners transferred by order of the commission.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Mary Golder &
Susan L. Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Mary Golder
Jim Moellinger