

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Commission on Jail Standards
P. O. Box 12985
Austin, Texas    78711

Opinion No. MW-559

Re:    Whether   county   holding
rooms     in     separate     court
building are part of jail

Dear Mr. Viterna:

You ask whether the Texas Commission on Jail Standards has the authority to require that holding cells in county facilities, separate and distinct from the county jail, comply with minimum jail standards.

Article 2351, V.T.C.S., enumerates the general powers and responsibilities of the county commissioners and requires that they "provide and keep in repair court houses, jails and all necessary public buildings." Article 6872, V.T.C.S., provides that "sheriffs shall have charge and control of the court houses of their respective counties, subject to such regulations as the commissioners court may prescribe...." The specific duties of the county commissioners and the sheriff with respect to their county jails are governed by article 5115.1, V.T.C.S., which created the Texas Commission on Jail Standards. This statute authorizes the Commission on Jail Standards to formulate and enforce minimum jail standards against the county sheriff and county commissioners for the care, custody, and treatment of prisoners and for county jail construction, maintenance, and operation. Article 5115.1, V.T.C.S., in section 2 defines a county jail as "any jail, lockup, or other facility that is operated by or for a county for the confinement of persons accused or convicted of an offense."

A statute should be given a fair and sensible construction in order to carry out the purpose for which it was enacted and should not be construed in such a manner as to nullify or defeat its purpose. Citizens Bank of Bryan v. First State Bank of Hearne, 580 S.W.2d 344, 348 (Tex. 1979); Salas v. State, 592 S.W.2d 653, 655 (Tex. Civ. App. - Austin 1979, no writ); Lopez v. Ramirez, 558 S.W.2d 954, 957 (Tex. Civ. App. - San Antonio 1977, no writ).

The enactment of article 5115.1, V.T.C.S., makes clear the legislative intent that the Texas Commission on Jail Standards improve conditions of confinement for county jail inmates. See Texas

Legislative Council, Statutory Standards and Present Conditions in Texas Jails, Report No. 62-2 (1973). The legislative intent to improve the conditions of confinement for county jail inmates coupled with the broad definition of "county jail" leads to the conclusion that the Jail Commission has statutory authority to regulate the conditions of confinement for inmates in a county's custody wherever they are confined. This would include holding cells whether they be a part of the jail facility itself or located elsewhere. As long as a county is utilizing a facility, even if it is a one-room holding cell in a court's building distinct from the jail, the sheriff and the commissioners court would be subject to the provisions of article 5115.1, V.T.C.S., and the minimum jail standards promulgated by the Texas Commission on Jail Standards in the operation and maintenance of that facility.

## S U M M A R Y

The Texas Commission on Jail Standards is authorized under article 5115.1, V.T.C.S., to require that holding cells in county facilities, separate and distinct from the county jail, comply with minimum jail standards.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Mary Noel Golder
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger