ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 13, 2008

The Honorable Marsha Monroe
Terrell County Attorney
Post Office Box 745
Sanderson, Texas 79848

Opinion No. GA-0602

Re: Whether, under Local Government Code chapter 334, Terrell County may borrow money to construct an approved venue project, to be repaid from the venue project fund (RQ-0618-GA)

Dear Ms. Monroe:

Local Government Code chapter 334 authorizes a county to construct an approved venue project and to establish a venue project fund to pay costs associated with the project. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 334 (Vernon 2005 & Supp. 2007). You ask whether, under Local Government Code section 334.042, Terrell County (the "County") may "borrow funds" to construct an approved venue project.[1] You explain that "[t]he loan will be paid off from" sales and use taxes "as they are collected." Request Letter, *supra* note 1, at 1–2; *see also* TEX. LOC. GOV'T CODE ANN. § 334.081(a) (Vernon 2005) (authorizing a county to impose a sales and use tax).

## I.    The Relevant Statute:  Local Government Code Chapter 334

Under chapter 334, a county may plan, acquire, establish, develop, construct, or renovate a venue project if, among other things, voters approve the project. *See* TEX. LOC. GOV'T CODE ANN. § 334.021(a) (Vernon 2005). For purposes of chapter 334, a "venue project" is a venue, such as a sports facility, a convention center facility, a tourist development area, or a project authorized by article 5190.6, section 4A or 4B of the Revised Civil Statutes, and related infrastructure "that is planned, acquired, established, developed, constructed, or renovated under" chapter 334. *Id.* § 334.001(4)–(5); *see also* TEX. REV. CIV. STAT. ANN. art. 5190.6, §§ 4A–4B (Vernon Supp. 2007) (authorizing the creation of development corporations in certain municipalities). An "approved venue project" is a venue project that has been approved by the county's voters. TEX. LOC. GOV'T CODE ANN. § 334.001(1) (Vernon 2005).

---

[1]*See* Letter from Honorable Marsha Monroe, Terrell County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Sept. 4, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* TEX. LOC. GOV'T CODE ANN. § 334.042 (Vernon 2005) (requiring the establishment of a venue project fund in a municipality or a county in which an approved venue project is located).

A county has broad power under chapter 334 to "perform any act necessary" to fully exercise its "powers under this chapter." *Id.* § 334.041(a). A county has specific authority to finance an approved venue project by imposing various types of taxes, including a voter-approved sales and use tax. *See id.* § 334.081(a), (c). A county also may, under section 334.043(a), issue "bonds, including revenue bonds and refunding bonds, or other obligations to pay the costs of the approved venue project." *Id.* § 334.043(a); *see also id.* § 334.043(b) (requiring the bonds and other obligations to be approved "as required by" Government Code chapter 1202); TEX. GOV'T CODE ANN. § 1202.003 (Vernon 2000) ("Review and Approval of Public Securities"). The "bonds or other obligations must be payable from and secured by the revenues in the venue project fund." TEX. LOC. GOV'T CODE ANN. § 334.043(c) (Vernon 2005).

In accordance with section 334.042, a county in which an approved venue project is located must establish a "venue project fund" into which the county must deposit the proceeds of any taxes approved by the voters under chapter 334, as well as bond revenues and certain other money. *See id.* § 334.042(a)–(b). Section 334.042(d) expressly authorizes a county to use its venue project fund to:

> (1) reimburse or pay the costs of planning, acquiring, establishing, developing, constructing, or renovating one or more approved venue projects in the . . . county;

> (2) pay the principal of, interest on, and other costs relating to bonds or other obligations issued by the . . . county or to refund bonds, notes, or other obligations; or

> (3) pay the costs of operating or maintaining one or more approved venue projects.

*Id.* § 334.042(d).

## II.    Factual Background

You indicate that in November 2000 County voters approved imposing a sales and use tax to finance a "venue project[] and related infrastructure."[2] Request Letter, *supra* note 1, at 1–2. The County has placed the tax proceeds in the County's venue project fund. *Id.* at 2. The County Judge now asks "whether the [C]ounty may borrow funds to pay for construction of the convention center facility, which is part of the venue project." *Id.* You further inform us that the loan will be repaid from the proceeds of the sales and use tax dedicated to the venue project "as they are collected" and

---

[2]Attorney General Opinion GA-0156, issued in 2004, considers another aspect of the County's use of venue-project sales and use tax proceeds. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 1–2. That opinion analyzes whether the County could use the proceeds on a venue project consisting of "a convention and visitors center, two annexes to the center, and related infrastructure." *Id.* at 2. You advise that the County "has proceeded with its venue project in accordance with that opinion." Request Letter, *supra* note 1, at 2.

that the loan documents will recognize this "repayment scheme." *Id.* You therefore ask whether chapter 334 authorizes the County "to borrow funds, to be repaid from the venue tax proceeds, to pay for the construction of the convention center facility." *Id.*

### III.    Analysis

On its face, section 334.042(d) authorizes a county to use its venue project fund to pay the costs of constructing an approved venue project, including costs relating to bonds or other obligations issued to finance the project. *See* TEX. LOC. GOV'T CODE ANN. § 334.042(d)(1)–(2) (Vernon 2005). Consequently, the County may use money from the venue project fund to repay funds borrowed, in the manner authorized by chapter 334, to construct an approved venue project.

We next consider a county's authority to borrow funds to pay the costs of an approved venue project. In general, a county may not borrow money "except through the issuance of bonds, certificates of obligation, or other forms of indebtedness" that are specifically authorized by law. Tex. Att'y Gen. Op. No. JM-274 (1984) at 1. "Counties have no [general] statutory authority to merely borrow money from a bank." Tex. Att'y Gen. Op. No. JC-0139 (1999) at 3 (quoting 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 17.27 (1989)); *see also* TEX. CONST. art. XI, § 7 (prohibiting a county from incurring debt without the concomitant provision of a sinking fund). And "[s]tatutes respecting the power of local governments to create a debt must be strictly and narrowly construed." *Lopez v. Ramirez*, 558 S.W.2d 954, 957 (Tex. Civ. App.—San Antonio 1977, no writ); *accord* Tex. Att'y Gen. Op. No. JC-0036 (1999) at 10.

A county may borrow funds "to pay the costs of an approved venue project" only as permitted by section 334.043, which authorizes a county to "issue bonds . . . or other obligations" that are submitted to the attorney general for review and approval as Government Code chapter 1202 requires, that are payable from and secured by the venue project fund, and that mature within thirty years of "their date of issuance." TEX. LOC. GOV'T CODE ANN. § 334.043(a)–(d) (Vernon 2005). No other statute in chapter 334 authorizes the borrowing of funds by other means. Thus, consistently with section 334.043, a county may not borrow money to pay the costs of an approved venue project by means other than the issuance of bonds or other obligations. *See id.* § 334.043(a).

You indicate that the County wishes to borrow money and contemplates a loan, but you do not further describe the means by which the County proposes to borrow the money or to evidence the loan. *See* Request Letter, *supra* note 1, at 1–2; *cf.* Tex. Att'y Gen. Op. No. JC-0139 (1999) at 3, 5 (suggesting that a loan may be evidenced by the issuance of "obligations . . . sold to purchasers in exchange for money," but also suggesting that the requestor "would like to obtain a loan . . . without following statutorily required procedures"). Nor do you ask about the legality of a particular method of financing. *See* Request Letter, *supra* note 1, at 1–2. Consequently, we do not consider whether any particular means of financing or of evidencing the loan constitutes a permissible issuance of an obligation under section 334.043. *But cf.* Tex. Att'y Gen. Op. No. JC-0139 (1999) at 3, 5 (stating that statutes that authorize a county to borrow funds for road and bridge construction require the county to issue and sell bonds or other obligations in compliance with statutory procedures and that these "procedures are not optional").

## S U M M A R Y

A county, such as Terrell County, may use money in its venue project fund to pay any of the costs of constructing an approved venue project. The county may borrow money to pay such costs, to be repaid from the venue project fund, only by the "issuance of bonds . . . or other obligations."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee